# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TROY WILLIAMS, | * |
| Plaintiff | * |
| v. | * CIVIL NO. JKB-10-2752 |
| TERO TEK INTERNATIONAL, INC., | * |
| Defendant | * |

## MEMORANDUM AND ORDER

Plaintiff Troy Williams filed suit against his former employer, Tero Tek International, alleging his demotion and termination constituted discrimination based on race, color, and retaliation for engaging in protected activity. (Compl., ECF No. 1.) In its answer, Tero Tek denied Williams's claims of discrimination. (Am. Ans., ECF No. 4.) Subsequently, Williams filed an amended complaint that added a count for breach of collective bargaining agreement ("CBA"). (Am. Compl., ECF No. 17.) In addition to filing an answer to the amended complaint (ECF Nos. 19, 20), Tero Tek filed a petition to stay this action and to compel arbitration (ECF No. 18). The matter has been briefed (ECF Nos. 23, 24), and no hearing is necessary, Local Rule 105.6. The petition is GRANTED IN PART AND DENIED IN PART.

Preliminarily, Tero Tek's request is not stated in the clearest of terms. On the one hand, Tero Tek is moving the Court to "stay the . . . action and to compel arbitration of Plaintiff's claim of breach of collective bargaining agreement." (Def.'s Pet. Stay 1, ECF No. 18.) On the other hand, Tero Tek is asserting that each of the four counts (three pertaining to federal antidiscrimination statutes and the fourth pertaining to breach of the CBA) should be considered as a claim, dispute, or grievance subject to binding arbitration, hence the request for the Court to

stay this matter to permit the *claims*—in the plural—to be resolved by binding arbitration. (*Id.* 1-2.) If Tero Tek had limited its petition to the former request, the Court would have no trouble granting it *in toto*. However, because Tero Tek apparently seeks to sweep the federal statutory claims within the ambit of the CBA, and because the agreement in question does not address federal statutory claims, only the portion of the petition that seeks to compel arbitration for count four of the amended complaint will be granted.

Although Williams argues otherwise, Fourth Circuit precedent makes clear that any grievance under the CBA before the Court in the instant case is subject to mandatory arbitration. The same contention was addressed in *Austin v. Owens-Brockway Glass Container*, 78 F.3d 875 (4th Cir. 1996). The language at issue in *Austin* was the following:

> [A]ll disputes not settled pursuant to the procedures set forth in Article 31, Grievance Procedures, *may* be referred to arbitration.

*Id.* at 879 (emphasis added).

The language at issue in Williams's CBA with Tero Tek reads as follows:

> Any grievance which is not resolved in Step 3 to the Union's satisfaction *may* be submitted to arbitration . . . .

(Def.'s Pet. Stay, Ex. 3, CBA art. 7, sec. 1, step 4 (emphasis added).)

As in *Austin*, Williams argues that the use of the word "may" allows the interpretation of permissive arbitration rather than mandatory arbitration. (Pl.'s Opp. 3, ECF No. 23.) That argument was put to rest by the *Austin* opinion, which noted that the purpose of the word "may" in this section of the CBA was to provide an aggrieved party the choice between arbitration and abandonment of his claim. 78 F.3d at 879. The Court's rationale was that, if the parties intended arbitration to be permissive, this provision would be meaningless since they could always submit to voluntary arbitration. *Id.* No significant difference is perceived between the language before the *Austin* Court and the language in the instant case. Thus, the Court holds here that any dispute

subject to the grievance procedure in the CBA is also subject to mandatory arbitration. The scope of matters embraced by the CBA's grievance procedure is defined in the following manner:

> Grievances within the meaning of the Grievance Procedure and this arbitration clause shall consist of disputes about the interpretation, application or administration of particular clauses of this Agreement or alleged violations of the Agreement.

(Def.'s Pet. Stay, Ex. 3, art. 7, sec. 2(d).) It seems without question that an alleged breach of the CBA would fall within this definition. Furthermore, the CBA explicitly states: "Decisions of the Arbitrator consistent with this Article shall be final and binding on both parties." (*Id.* sec. 2(b).) Thus, all of these provisions taken together means that this Court is without jurisdiction to entertain Williams's claim of breach of the CBA, which will be dismissed by separate order.

That same conclusion does not hold, however, for Williams's federal statutory claims. Whether a CBA requires that statutory disputes be submitted to arbitration is a matter of contract law. *Brown v. TWA*, 127 F.3d 337, 340 (4th Cir. 1997). The Supreme Court has held that a union's waiver in a CBA of employee rights to a federal judicial forum for employment discrimination claims must be "clear and unmistakable." *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 82 (1998). Said another way, waiver of a statutorily protected right must be "explicitly stated." *Id.* at 80 (citations and internal quotation marks omitted). *See also Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 154-56 & n.17 (4th Cir. 2002) (noting *Austin*'s limited viability in light of Supreme Court's ruling in *Wright*).

The Fourth Circuit has interpreted *Wright* "to require that collective bargaining agreements eliminate any doubt that a waiver of a federal forum was intended." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 216 (4th Cir. 2007). A waiver can be accomplished by two different approaches:

3

> First, provisions that require arbitration of disputes without mentioning statutory claims nonetheless require arbitration of statutory claims if the rest of the agreement "makes it unmistakably clear" that a violation of discrimination laws constitutes a grievance or dispute under the agreement. Second, an agreement requires arbitration of statutory discrimination claims if it contains "an explicit arbitration clause" referring to statutory claims, which would require in the case of an agreement to arbitrate all federal employment claims "a clear and unmistakable provision under which the employees agree to submit to arbitration all federal causes of action arising out of their employment."

*Id.* (quoting *Carson v. Giant Food, Inc.*, 175 F.3d 325, 331-32 (4th Cir. 1999)). *See also Brown v. ABF Freight Sys.*, 183 F.3d 319, 322 (4th Cir. 1999) ("agreement not to commit discriminatory acts that are prohibited by law" not legal equivalent of "agreement to incorporate, in toto, the antidiscrimination statutes that prohibit those acts").

Tero Tek relies upon wording in the CBA to support its assertion that Williams's claims of racial discrimination are expressly subject to the agreement's grievance procedure:

> It is the continuing policy of the Company and the Union that the provisions of this Agreement shall be applied fairly and equitably to all employees without regard to sex, race, color, age, religious creed, national origin, handicap or any other basis prescribed by federal or state law.
>
> Any employee, who claims that in violation of the above principle, he / she has been denied rights guaranteed by this Agreement, has the right to complain pursuant to the grievance procedure contained in Article 7. The grievance shall state the basis (race, sex, etc.) of the claim of discrimination and, except as limited or modified by this Article, shall proceed through the regular grievance process.

(Def.'s Reply 4-5, ECF No. 24; Def.'s Pet. Stay, Ex. 3, art. 5, sec. 1.) In that same section is the following statement: "The Union agrees to encourage its members to utilize the grievance procedure rather than outside agencies."

The language quoted by Tero Tek certainly does not require employees "'to submit to arbitration all federal causes of action arising out of their employment.'" This is especially so in light of the provision that grants an employee "the right to complain pursuant to the grievance procedure," which implies a concomitant right not to complain pursuant to the grievance

4

procedure, meaning that it is the employee's choice as to what route to take in complaining about discrimination. This conclusion is reinforced by the provision, "The Union agrees to encourage its members to utilize the grievance procedure rather than outside agencies." If an employee were faced with mandatory arbitration for claims of discrimination, then he or she would need no encouragement "to utilize the grievance procedure rather than outside agencies" because the grievance procedure would be the only available option. Even if the CBA could be interpreted to "make it unmistakably clear" that a violation of discrimination laws constitutes a grievance or dispute under the agreement, the preceding provisions make it equally clear that it is the employee who decides whether to utilize the grievance procedure or outside agencies for discrimination claims, unlike other claims under the CBA that are subject to mandatory arbitration. Consequently, counts one through three of the amended complaint are not subject to mandatory arbitration, and to the extent Tero Tek seeks to compel Williams to submit those claims to arbitration, Tero Tek's petition is hereby DENIED.

DATED this 1st day of June, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge